**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

ISAAC MORRIS, #284534,

       Petitioner,

v.                                                                          Case No. 2:06-CV-12834
                                                                            Honorable Denise Page Hood
                                                                            Magistrate Judge Steven Pepe

CINDI S. CURTIN,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS**
**CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner, Isaac Morris, is a state inmate currently incarcerated at Muskegon Correctional Facility in Muskegon, Michigan.  Petitioner was convicted after a plea of no contest in Oakland County Circuit Court of armed robbery.  Mich. Comp. Laws §750.529.  He was sentenced to sixteen to fifty years' imprisonment as a second habitual offender pursuant to Mich. Comp. Laws §769.10.

Petitioner has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. §2254.  For the reasons that follow, the Court will deny  the petition.

**I. BACKGROUND**

At the plea proceedings, Petitioner's counsel stated the factual basis for Petitioner's no contest plea as follows:

> For a factual basis I believe that defense counsel would stipulate then on April 7th,  2003 within the City of Pontiac that the Defendant did assault Mr. Michael Harper with a weapon, that being a fake pistol, it was a Beebe gun.

> That Mr. Harper believed that the Beebe gun was a real gun, that the assault occurred when the Defendant struck Mr. Harper over the head with the fake weapon, that being the Beebe gun, and that the Defendant did remove money from Mr. Harper and Mr. Harper was placed in fear.

(Plea Tr., 8/4/03, at 12). The prosecutor stipulated to the factual basis as presented by defense counsel and Petitioner did not contest the accuracy of the factual basis as read. *Id.* at 12-13.

Following Petitioner's conviction, he filed a motion to withdraw his plea and for re-sentencing with the trial court,  which was denied. Petitioner appealed his conviction and the trial court's decision regarding his resentencing and withdrawal of plea motion by filing a delayed application with the Michigan Court of Appeals raising the following claims:

> I.   The Sixth Amendment precludes findings of fact at sentencing unsupported by a jury verdict or a defendant's waiver of the right to a jury determination if the finding increases the severity of the sentence the court is authorized to impose.
>
> II.  Defendant is entitled to withdraw his nolo contendere plea which was entered pursuant to an illusory Cobbs Agreement to the middle of the sentencing guidelines for, despite the warning that the guideline scoring might change, the statement that the prosecutor and defense agreed that the [ ] cap would be at 13 years and 10 months left defendant with no reason to doubt this calculation as the meaning of the Cobbs offer.

Petitioner's delayed application was dismissed because "appellant failed to file the application within the time period required by the court rules"  *People  v. Morris,* No: 260345 (Mich. Ct. App. Feb. 3, 2005).  Petitioner then filed a motion for reconsideration which was granted; the February 3, 2005 order was vacated, and the delayed application for leave to appeal was reinstated."  *People  v. Morris,* No: 260345 (Mich. Ct. App. March 23, 2005). However, ultimately, the Michigan Court of Appeals denied Petitioner's delayed

application "for lack of merit in the grounds presented." *People  v. Morris,* No: 260345 (Mich. Ct. App. April 19, 2005).

Petitioner subsequently filed an application for leave to appeal with the Michigan Supreme Court raising the same two issues presented before the Michigan Court of Appeals. Relief was denied "because we were not persuaded that the questions presented should be reviewed by this Court." *People v. Morris,* 474 Mich. 907; 705 N.W.2d 127 (Mich. 2005)(table). However, Justice Kelly stated that she "would hold this case in abeyance for *People v. Drohan,* lv. grt. 472 Mich. 881, 693 N.W.2d 823 (2005)." *Id.*

Petitioner has now filed a *pro se* petition for writ of habeas corpus raising the same two claims argued before the appellate courts.

## II.  STANDARD

Petitioner is not entitled to the writ of habeas corpus unless the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court  has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal

principle from [the Supreme] Court's decisions but unreasonably applies that principle to

the facts of the prisoner's case." *Id.* at 413.

## III.  DISCUSSION

### A.  *Blakely v. Washington* Claim

In Petitioner's first claim, he states that his sentence violates *Blakely v. Washington*,

542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), because it was based upon facts

not found by a jury and Petitioner's waiver of the right to a jury determination.

In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000),

the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that

increases the penalty for a crime beyond the prescribed statutory maximum must be

submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Michigan has

an indeterminate sentencing system for most crimes, including armed robbery. The

maximum term of imprisonment is set by law. Mich. Comp. Laws § 750.529; see also

*People v. Drohan*, 475 Mich. 140, 160-61, 715 N.W.2d 778 (Mich. 2006). In *Blakely*, 542

U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), the Supreme Court addressed

indeterminate sentencing systems and held that such systems do not violate the Sixth

Amendment. The Court explained:

> [The Sixth Amendment] limits judicial power only to the extent that the
> claimed judicial power infringes on the province of the jury. Indeterminate
> sentencing does not do so. It increases judicial discretion, to be sure, but not
> at the expense of the jury's traditional function of finding the facts essential
> to lawful imposition of the penalty. Of course indeterminate schemes involve
> judicial factfinding, in that a judge (like a parole board) may implicitly rule on
> those facts he deems important to the exercise of his sentencing discretion.
> But the facts do not pertain to whether the defendant has a legal *right* to a
> lesser sentence-and that makes all the difference insofar as judicial
> impingement upon the traditional role of the jury is concerned. In a system

that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is entitled to no more than a 10-year sentence-and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

*Id.* at 308-09.

Judicial factfinding may not be used to impose a sentence "beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490.

Here, the sentencing court did not exceed the statutory maximum for Petitioner's crime. Therefore, the sentencing scheme did not run afoul of the Sixth Amendment. Because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's sentence did not violate Petitioner's constitutional rights. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007) ("*Blakely* does not apply to Michigan's indeterminate sentencing scheme."). Petitioner is therefore not entitled to habeas relief on this claim.

## B.  Withdrawal of Nolo Contendere Plea

Petitioner claims that he should have been permitted to withdraw his no contest plea because the prosecutor and defense counsel agreed that there would be a thirteen year ten month cap on his minimum sentence, and he was sentenced to sixteen to fifty years' imprisonment.  Initially, the Court observes that Petitioner has no absolute right to withdraw his no contest pleas. See *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005)(internal citations omitted). Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty or no contest plea is discretionary with the state trial court. *Id.*

5

A guilty or no contest plea that is entered in state court must be voluntarily and intelligently made. See *Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)). In order for a plea of guilty or no contest to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994).

When a petitioner brings a federal habeas petition challenging his plea of guilty or no contest, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty or no contest plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden  if the federal court is to overturn these findings by the state court. *Id.* A federal court will uphold a state court guilty or no contest plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty or no contest. *Shanks,* 387 F. Supp. 2d at 749.

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09, 104 S. Ct. 2543, 81 L. Ed. 2d 437 (1984). A plea of guilty (or no contest) entered by one fully aware of the direct consequences, including the actual value of any

commitments made to him by the court, prosecutor, or his or her own counsel, must

stand unless induced by threats (or promises to discontinue improper harassment),

misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises

that are by their nature improper as having no proper relationship to the prosecutor's

business (i.e. bribes). *Id.*

At the plea proceedings, Petitioner informed the trial court that it was

represented to him that the length of his minimum sentence would not exceed thirteen

years ten months.  The trial court responded as follows:

> The Court: Okay.  Is that based on the representation of the Court, that
> would be half of the guidelines, sentencing guidelines?
>
> Mr. Morris: Yes.
>
> The Court:  Okay. And you understand that that is based, the length of
> time that you just gave me is  based on the current calculation by the
> People and defense counsel?  If the guidelines were to go down or the
> guidelines were to go up, the representation is that you would receive half
> of the guidelines, do you understand that?
>
> Mr. Morris: Yeah.

(Plea Tr., 8/4/03, pp. 7-8); see also (Pet. at 9).   Petitioner claims that because he was

never given any reason why the guideline scoring would change, the thirteen year ten

month cap should have been the minimum sentence imposed. (Pet. at 9).

An unfulfilled state promise obtained in return for a guilty plea will entitle a

habeas petitioner to habeas relief. *Myers v. Straub,* 159 F. Supp. 2d 621, 627 (E.D.

Mich. 2001). Moreover, any promises made by a judge in the course of a  guilty plea

colloquy operate as a promise made by the state in exchange for a defendant's waiver

of rights and guilty plea. *See Spencer v. Superintendent, Great Meadow Correctional*

*Facility,* 219 F. 3d 162,

168 (2d Cir. 2000). However, a federal court sitting in habeas review should not "lightly find misrepresentation in a plea agreement." *Myers,* 159 F. Supp. 2d at 627.

In the present case, the trial court judge informed Petitioner that the thirteen year ten month minimum sentence may change based upon the scoring of offense variables. (Plea Tr., 8/4/03, pp. 7-8).   Petitioner indicated that he understood that fact.  (*Id.* at 8.) The trial court judge also clarified on the record that the *Cobbs* agreement addressed the fact that Petitioner's minimum sentence would be in the middle of the guideline range, *which was calculated at that time* to be thirteen years ten months;  and Petitioner stated on the record that he understood that fact.  (*Id.* at  3-4). There were no representations that thirteen years ten months was a guaranteed minimum sentence; nor does Petitioner allege that such a guarantee was made.  Therefore, Petitioner knowingly, voluntarily, and intelligently entered into his plea agreement; and no habeas relief is warranted on this claim.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner must receive a certificate of appealability ("COA") in order to appeal
the

denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d

1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying the habeas petition, the court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that Petitioner does not present any claims upon which habeas relief may be granted. Therefore, the court will deny a certificate of appealability.

## V. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the petition for a writ of

habeas

corpus [Dkt. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  May 28, 2009

      I hereby certify that a copy of the foregoing document was served upon Isaac Morris, Reg. No. 284534, Oaks Correctional Facility, 1500 Caberfae Hwy., Manistee, MI 49660 and counsel of record on May 28, 2009, by electronic and/or ordinary mail.

                          S/William F. Lewis
                          Case Manager