UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ISAAC MORRIS, #284534,

       Petitioner,

v.                                                                    Case No. 2:06-CV-12834
                                                       Honorable Denise Page Hood
                                                       Magistrate Judge Steven Pepe

CINDI S. CURTIN,

       Respondent.
_____/

**OPINION AND ORDER (1) CONSTRUING PETITIONER'S "NOTICE OF APPEAL" AS "MOTION FOR RECONSIDERATION" (2) DENYING MOTION FOR RECONSIDERATION, AND (3) GRANTING PETITIONER'S "MOTION FOR WAIVER OF FEES AND COSTS"**

Petitioner, Isaac Morris, ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner is currently incarcerated at Muskegon Correctional Facility in Muskegon, Michigan. Petitioner was convicted after a plea of no contest in Oakland County Circuit Court of armed robbery Mich. Comp. Laws §750.529. He was sentenced to sixteen to fifty years' imprisonment as a second habitual offender pursuant Mich. Comp. Laws §769.10.

On May 28, 2009, the Court issued an "Opinion and Order Denying Petition for Writ of Habeas Corpus and Denying a Certificate of Appealability." Pending before the Court is Petitioner's "Notice of Appeal"[1] and "Motion for Waiver of Fees and Costs." Because the

---

[1] "If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1); *See Castro v. United States*, 310 F.3d 900, 901-02

Court already has denied a certificate of appealability, the Court will construe Petitioner's "Notice of Appeal" as requesting reconsideration of that denial.

## I. DISCUSSION

### A. Motion for Reconsideration

Motions for reconsideration may be granted when the moving party shows: (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot,* 321 F.Supp.2d 872, 874 (E.D. Mich. 2004).

The Court declined to issue a certificate of appealability because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues presented were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). Petitioner fails to demonstrate that the Court's decision denying a certificate of appealability was based upon a palpable defect by which the Court was misled.

### B. *In Forma Pauperis*

Petitioner has also filed an application to appeal *in forma pauperis.* Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C.

---

(6th Cir. 2002) (holding that "a district judge must issue or deny a COA if an applicant files a notice of appeal" without awaiting the filing of an application for a certificate of appealability).

§1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching,* 2002 WL 15701, at *3 (N.C. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien,* 216 F.3d 626, 631 (7th Cir. 2000).

Whereas a certificate of appealability may only be granted if Petitioner makes a substantial showing of denial of a constitutional right, a court may grant *in forma pauperis* status if it finds that an appeal is being taken in good faith. *Foster v. Lidwick,* 208 F.Supp.2d 750, 764-65 (E.D. Mich. 2002) (citing *United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Id.* at 765. Although the Court found that a certificate of appealability should not issue, the Court concludes that an appeal in this case could be taken in good faith. The Court, therefore, grants Petitioner's request to proceed without prepayment of the filing fee.

## II. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Petitioner's "Notice of Appeal" [Dkt. # 17], which the Court has construed as a "Motion for Reconsideration" is **DENIED**.

IT IS FURTHER ORDERED that Petitioner's "Motion for Waiver of Fees and Costs"

[Dkt. #19] is **GRANTED**.

S/Denise Page Hood<br>
Denise Page Hood<br>
United States District Judge

Dated: December 17, 2009

    I hereby certify that a copy of the foregoing document was served upon Isaac Morris, Reg. No. 284534, Oaks Correctional Facility, 1500 Caberfae Hwy., Manistee, MI 49660 and counsel of record on December 17, 2009, by electronic and/or ordinary mail.

S/William F. Lewis<br>
Case Manager